# SUPREME COURT.

The People *ex rel.* SAMUEL GRAHAM agt. DANIEL L. NOR-THROP, Auditor of the City of Brooklyn.

The common council of the city of Brooklyn, on the 11th of April, 1855, adopted the following resolution:

"Resolved, that the sum of 500 dollars per year, commencing on the first day of January last, be appropriated to the commissioner of repairs and supplies, for the payment of the expenses of keeping a horse and wagon, which is required to enable him to discharge his duties, and the comptroller is hereby directed to pay the same in monthly payments, upon the certificate of the auditor."

The relator, Samuel Graham, was duly elected commissioner of repairs and sup-plies, and took his office on the 1st January, 1857, and on the 2d of March, 1857, presented to the auditor for his official certificate, the bills for the pre-ceding months of January and February, each for one twelfth part of 500 dollars, for payment of expenses in keeping a horse and wagon in the per-formance of his official duties as such commissioner.

The auditor refused to certify the bills, on the ground that the resolution awarded to the commissioner only his *actual expenses* in keeping a horse and wagon, and that the bills presented contained no statement of such expenses, nor any evidence that the sums claimed had been expended.

*Held,* that the auditor was wrong. The resolution appropriates the entire sum of $500 in gross; not (as the auditor supposed,) so much of it only as would be necessary to defray the actual expenses, not exceeding that amount. Besides, the auditor claimed to exercise a discretionary power, when he had none.

Mandamus granted.

*Brooklyn General Term, July,* 1857.

*Before* S. B. STRONG, BIRDSEYE *and* EMOTT, *Justices.*

APPEAL from an order at special term denying an applica-tion of the relator for a peremptory mandamus.

JOHN M. VAN COTT, *for relator.*
NATHANIEL F. WARING, *for defendants.*

By the court—S. B. STRONG, Justice.   On the 11th of
April, 1855, the common council of the city of Brooklyn
adopted the following resolution :

"Resolved, That the sum of 500 dollars per year, com-
mencing on the first day of January last, be appropriated to
the commissioner of repairs and supplies for the payment of
the expenses of keeping a horse and wagon, which is required
to enable him to discharge his duties, and the comptroller is
hereby directed to pay the same in monthly payments upon the
certificate of the auditor."

The relator was elected commissioner of repairs and sup-
plies, of that city, in November, 1856, for a term commencing
on the first day of January, 1857.   On the last-mentioned
day, he entered upon, and has since continued in the discharge
of the duties of the office.   He has, during all that time, kept
a horse and wagon, which he has devoted to the performance
of his official duty.   On the 2d of March, 1857, he presented
to the auditor for his official certificate, the bills for the pre-
ceding months of January and February, each for the one
twelfth part of 500 dollars, appropriated to the commissioner
for the payment of the expenses of keeping a horse and wagon
in the performance of his duties.

The auditor refused to certify the bills, on the alleged
ground that the resolution awarded to the commissioner only
his actual expenses in keeping a horse and wagon, and that
the bills presented contained no statement of such expenses,
nor any evidence that the sums claimed had been expended.
An alternative mandamus having been issued, and a return
made showing these facts, the relator applied at a special term,
held in the county of Kings, for a peremptory mandamus re-
quiring the defendant to certify his bills.   The motion for a
peremptory mandamus was denied, and the relator thereupon
appealed to this court at the general term.

The sole question for our consideration is, whether the rela-

tor is entitled under the resolution to a sum in gross, or only to his actual expenses, in keeping the horse and wagon, not exceeding that amount? In terms, and I think in substance, the resolution appropriates the entire amount, not so much of it only as would be necessary to defray the actual expenses. The direction to the comptroller to pay the *same*, undoubtedly refers to the entire sum of 500 dollars. True, the word expenses is the last antecedent, but the requisition could not have referred to them, as they were not to be fully paid at all events, nothing over the specified amount. This construction is strenghtened by the retrocession of the allowance for the antecedent three months before the adoption of the resolution. As no particular account of the actual expenses during that time had probably been kept, none could have been made out, and none could have been designedly required. Besides, the direction to make monthly payments is usual when there is a fixed compensation, but is seldom, if ever, given where the amounts depend upon contingencies, and may, and probably will, vary. If the amounts of such monthly payments should be according to the actual expenditures, and there should be a change in the incumbent during the year, injustice might be done to the newly appointed officer when the antecedent expenses had exceeded the average. The same practical construction has been given to the act allowing the payment of the expenses of the justices of this court residing out of New-York, while holding courts in that city. (*Ch.* 374 *of the acts of* 1852.) The 6th section of that act authorizes the supervisors to pay to such justices such sum for expenses *incurred* thereby as may be proper and necessary. The board of supervisors subsequently adopted a resolution to pay the justices a specified sum for each day. I understand (for I have not myself had any experience on the subject) that the justices who have received anything from the critical comptroller of that city, have claimed and been allowed the specified amount, without reference to their actual expenditures. Those learned judges must have given a similar construction to a provision of the law strongly resembling

the resolution.which I am considering, and their opinion is entitled to much consideration.

The learned judge who decided this case at the special term, thinks that the requisition that the payment must be made upon the certificate of the auditor, implies that he is to pass upon the items or particulars of an account which must be of actual expenses. He refers to the sections of the ordinance relative to the duties of the city officers, which requires the auditor to make entries in his books, showing the date and items of each claim, and to examine such items. As the duty was imposed by an ordinance of the common council, it was competent for the same body to modify or dispense with it in any particular instance. If, therefore, the resolution in question had required any official act, essentially variant from the general ordinance, that would not have rendered such resolution nugatory. But it did not require any essential change from the ordinary duties of the auditor in this respect. He can still make the requisite entry in his official books, showing the date and only item in each monthly account, and he can and should examine the item to see that it corresponds with the allowance specified in the resolution. He can also, I think, require evidence that the commissioner has kept a horse and wagon, and employed it in the public service during the time for which the charge is made. And then he will have done all which the city ordinances require of him, antecedently to his signing the usual certificate. It cannot be supposed that the common council ever designed to authorize this, its inferior officer, to vary the rate of compensation fixed by its own resolution. If the rate should not be fixed directly by the common council, it might be, and frequently (if not usually) is, by a contract made upon an advertisement for bidders or proposals. In such cases contractors are often paid (to use a familiar phrase) by the job. When their claims, in such cases, are presented to the auditor, all that he has to do is to ascertain that the work has been properly performed. He could not be expected to, nor could he be legally required to inquire and determine whether the rate of compensation

was exorbitant or reasonable. It seems to me, therefore, that the mere fact that a certificate from the auditor is required as preliminary to the payment of an account, does not necessarily raise an inference that there must be items of actual expense, rather than a fixed sum which can be neither exceeded nor diminished.

The requisite facts to establish these accounts were admitted. The auditor placed his refusal to certify the bills on untenable grounds, and claimed a discretionary power when he had none. It is, therefore, a proper case for a mandamus.

The judgment at the special term must be reversed, and there must be a peremptory mandamus, but without costs.